UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN D. KETZNER, #119069, and
WILLIAM D. LOVETT, #118387

        Plaintiffs,

v.

RAY M. WILLIAMS, et al.,

        Defendants.
_____/

File No. 4:06-CV-73

HON. ROBERT HOLMES BELL

## **O P I N I O N**

On October 23, 2007, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Plaintiffs John D. Ketzner and William D. Lovett's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed in part for lack of exhaustion and mootness, that Defendants' motion for summary judgment (Dkt. No. 26) be granted on all remaining claims, and that judgment be entered in Defendants' favor. The R&R was duly served on the parties. Plaintiffs have filed objections to the R&R. (Dkt. Nos. 46, 54.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiffs have separately filed lengthy objections to the R&R. Many of their objections overlap and are raised repetitively in their objections. The Court has grouped the objections by common theme.

**A. Discovery**

Plaintiffs object to the recommendation that the Court rule on Defendants' motion for summary judgment before they have had an adequate opportunity for discovery. Contrary to Plaintiffs' assertions, they did have an adequate opportunity to conduct discovery. Furthermore, contrary to Plaintiffs' assertions, the Magistrate Judge was not required to inform them of their ability to file a motion for discovery, and the Magistrate Judge did give their *pro se* filings a liberal construction as required by *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Even under such a liberal construction, Plaintiffs' Rule 56(f) affidavits (Dkt. No. 42, Ex. 9, 11) fall far short of the requirements of Rule 56(f). *See Short v. Oaks Correctional Facility*, 129 F. App'x 278, 282 (6th Cir. 2005) (holding that even a *pro se* plaintiff is required to file a Rule 56(f) affidavit setting forth the need for discovery, what material facts she hoped to uncover, and why she had not previously discovered the information). Accordingly, the Court agrees with the Magistrate Judge that this matter is ready for decision.

**B. Affidavits**

Plaintiffs object to the quality of the evidence relied on by the Magistrate Judge to support his findings. For example, Plaintiffs contend that the affidavits are based solely on

conjecture and speculation and not on personal knowledge as required by Rule 56(c)(1). In particular, Plaintiffs object to the court's reliance on Burnett's affidavit. Plaintiffs contend that Burnett is not qualified to give an opinion as to the sincerity of Plaintiffs' religious beliefs and that he has not provided sufficient evidence to support his statements regarding the costs and security concerns associated with kosher meals.

Plaintiffs' objections must be read in conjunction with the R&R. The R&R made no finding that Plaintiffs' purchase of non-kosher items from the prison store indicated that they were not sincere in their beliefs. As noted in the R&R, Defendants' motion for summary judgment was not based upon the grounds that Plaintiffs' beliefs were not sincerely held. (R&R 31, n.11.) The R&R simply found that there was no question of fact that the audit of prison-store purchases provides "an objective factor," not a determinative factor, for prison officials to consider in determining whether a prisoner's request for a special diet is based on a sincerely held religious belief. (R&R 5.) This finding is supported by the record and Plaintiffs provided no evidence to create a question of fact on this point.

The Court is also satisfied that Burnett, in his role as Special Activities Coordinator of the Correctional Facilities Administration, is in a position to testify on matters concerning the costs and security concerns associated with the Kosher Meal Program. Plaintiffs did not offer any evidence to rebut his testimony on these issues. Accordingly, the R&R appropriately made findings regarding costs and security concerns associated with the Kosher Meal Program based upon Burnett's affidavit.

Plaintiffs contend that the Magistrate Judge showed bias in giving more weight to Defendants' affidavits than to the facts alleged in their verified complaint, and that he improperly resolved triable issues of fact. For example, Plaintiffs contend the R&R improperly resolved triable issues of fact concerning the sincerity of their beliefs. As noted above, contrary to Plaintiffs' assertions, the R&R did not resolve the issue of the sincerity of their beliefs.

Plaintiff Ketzner objects to the R&R's finding that there is a rational relationship between prison regulations concerning the purchase of non-kosher foods by prisoners on the Kosher Meal Program and valid penological interests in prison security. Plaintiff Ketzner contends that this finding is improper because the R&R failed to give any weight to the sworn testimony in Plaintiff Ketzner's affidavit that his participation in the Kosher Meal Program and his purchase of non-kosher food items never caused any threat to the security and good order of the prison. Plaintiff Ketzner's argument is without merit because it improperly attempts to impose a burden on the prison to tailor its policies to each individual prisoner.

Plaintiffs have not identified any areas where the R&R improperly weighed credibility or resolved triable issues of fact. Accordingly, the Court finds no merit to Plaintiffs' objection that the R&R resolved triable issues of fact.

**C. First Amendment Claims**

Plaintiff Lovett contends that, contrary to the analysis in the R&R, he has a right to

a diet that is consistent with his religious scruples. (Lovett's Obj. 21.) In support of this assertion Plaintiff Lovett cites to a number of cases decided before *Turner v. Safley*, 482 U.S. 78 (1987). The R&R properly examined Plaintiffs' Free Exercise claims under the *Turner* balancing factors. (R&R 31-35.)

Plaintiffs' overriding objection to the R&R is their assertion that the R&R supports a prison policy of subjecting them to a standard of orthodoxy in violation of their rights to be free from the establishment of religion and their right to the free exercise of religion. In order to be accommodated with a kosher diet, Defendants require Plaintiffs to adhere to orthodox practices. Plaintiffs contend that beliefs and practices differ among followers of a particular creed and that Defendants have no right to dictate what kosher observances are acceptable.

Plaintiffs misconstrue the R&R. The R&R contains no finding on what it means to be a sincere follower of any particular religious creed. Plaintiffs' objections are a restatement of the arguments they raised in opposition to Defendants' motion for summary judgment. These arguments have been considered in the R&R. Upon *de novo* review the Court agrees with the R&R's comprehensive discussion of these issues and its conclusion that the prison policy of temporarily removing prisoners from the Kosher Meal Program when they are in possession of non-kosher food items violates neither the Establishment nor the Free Exercise Clause of the First Amendment. (R&R 27-35.)

**D. Factual Errors**

Plaintiff Lovett objects to the finding that he applied for readmission to the kosher food program. (R&R 7.) Plaintiff indicated in his affidavit that he did not reapply. (Dkt. No. 42, Ex. 9, Lovett Aff. ¶ 13.) Plaintiff is correct that the R&R contains a factual misstatement on this point, but the finding is clearly an oversight because the R&R later indicates that neither plaintiff ever reapplied to participate in the kosher meal program. (R&R 29.) In any event, the finding is immaterial to the R&R's legal analysis.

**E. Qualified Immunity**

Plaintiffs object to the R&R's recommendation that Defendants be granted qualified immunity on Plaintiffs' First Amendment claims because Plaintiffs contend that contrary to the findings in the R&R, the law was clearly established. In support of this objection Plaintiffs simply make general reference to the First Amendment. As noted in the R&R, in determining whether the law is clearly established, the Court looks to case law from the Supreme Court or the Sixth Circuit Court of Appeals. (R&R 36-38.) Plaintiffs' general reference to the First Amendment does not satisfy their burden of convincing the Court that the law was clearly established.

**F. Exhaustion**

Plaintiff Ketzner objects to the R&R's failure to address the merits of his due process and retaliation claims. The R&R recommended that these claims be dismissed for lack of exhaustion. Because the Court agrees with the R&R's finding that these claims have not

been exhausted, these claims need not be addressed on their merits.

Plaintiff Lovett objects to the R&R's exhaustion analysis with respect to Defendant Fether because Plaintiff Lovett identified Fether in his first grievance (LCF-2006-02-0118-20E) as the author of the Notice of Intent to remove him from the Kosher Food Program. The R&R recites the names of the Defendants who were mentioned in Plaintiff Lovett's first grievance, but apparently overlooked Fether. (R&R 8, 23.) Accordingly, the Court finds that Plaintiff exhausted his First Amendment and RLUIPA claims against Fether. This modification of the R&R will not make a significant change to the end result. It will merely mean that Plaintiff's First Amendment and RLUIPA claims against Fether will not be dismissed for lack of exhaustion, but will instead be decided in Fether's favor on the merits.

Plaintiff Lovett also objects to the R&R's finding that he failed to exhaust his claims as to Defendants Caruso and Burnett in his second grievance (LCF 2006-03-0196-09C). It appears that although Caruso and Burnett are mentioned in Lovett's second grievance, their names appear in conjunction with ADW Hawkins's response to Plaintiff's grievance, rather than as part of Plaintiff's original grievance. The Court accordingly agrees with the statement in the R&R that Plaintiff did not exhaust his First Amendment and RLUIPA claims against Caruso and Burnett in his second grievance. (R&R 10, 23-24.)

**Conclusion**

Plaintiffs' remaining objections do not warrant further discussion because, upon *de novo* review, the Court finds that they do not raise any issues that were not fully and

7

properly addressed in the R&R. For the reasons stated herein the Court finds that Plaintiffs' objections are without merit with the exception of the exhaustion analysis as to Defendant Fethers, that the R&R should be adopted as modified by this opinion, and that judgment should be entered in favor of Defendants.

An order and judgment consistent with this opinion will be entered.


Dated: <u>September 30, 2008</u>               /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE